IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TODD H. MERCER                                                                                          PLAINTIFF

v.                            Civil No. 4:15-cv-04052

SHERIFF DANNY MARTIN,
Nevada County, Arkansas;
JAILER PATRICIA FRANKLIN;
and CHIEF DEPUTY MILLER                                                                      DEFENDANTS

## ORDER

Pending before me for decision are the following motions: (1) Motion for Reconsideration (ECF No. 28) filed by Defendants; (2) Motion to Compel (ECF No. 29) filed by Plaintiff; and (3) Motion to Compel (ECF No. 32) filed by Plaintiff.

**Motion for Reconsideration** (ECF No. 28)

Defendants ask the Court to reconsider the portion of its order granting in part Plaintiff's Motion to Re-issue Order (ECF No. 24).   Plaintiff's Motion asked for the production of video. Defendants point out that they had already advised Plaintiff of the reason that no video existed.  In the Motion for Reconsideration, they note that the entire server had to be replaced in November of 2015 and all video on the old server was lost.

The Motion to Reconsider (ECF No. 28) is **GRANTED.**  Defendants will not be required to provide the affidavit described in (ECF No. 27) to the Plaintiff.

**Motion to Compel** (ECF No. 29)

In this Motion, Plaintiff maintains Defendants procrastinated in responding to his requests for video and then with "aw[]ful perfect timing" now state that the entire server had to be replaced. Plaintiff finds it to be a very strange "coincidence" that the problems with the server began exactly

one year from the dates of his incarceration.

The Motion to Compel (ECF No. 29) is **DENIED.** The Court cannot compel the Defendants to produce video that does not exist.

**Motion to Compel** (ECF No. 32)

Plaintiff asks that the information technology technician that worked on and replaced Defendants' server be required to answer interrogatories. According to Plaintiff, the video of him would have been on the internal hard drive and not on the server.

Defendants respond noting that the deadline for discovery was December 31, 2015, and that they were required to file their summary judgment motion by no later than February 20, 2016. Their summary judgment motion was in fact filed on February 19, 2015. Defendants also note that Plaintiff had not previously propounded any discovery requests requesting any type of documents concerning his lawsuit.

The Motion to Compel (ECF No. 32) is **DENIED.** The discovery deadline has passed.

IT IS SO ORDERED this 1st day of March 2016.

                          /s/ Barry A. Bryant
                          HON. BARRY A. BRYANT
                          UNITED STATES MAGISTRATE JUDGE